*797 OPINION OF THE COURT
Peter P. Rosato, J.
Motion brought on by defendant wherein defendant seeks to dismiss the instant action pursuant to CPLR 3211 (a) (5); 214 and 214-a, as time barred. Alternatively, defendant seeks summary judgment pursuant to CPLR 3212.
As defendant acknowledges, the instant case appears to raise an issue of first impression in this State, namely, as to when the Statute of Limitations begins to run, and as to which Statute of Limitations is applicable, in the context of defendant’s allegedly having mistakenly given plaintiff someone else’s HIV test results back-in November 1992.
Certain key underlying facts are not in dispute. It is uncontroverted that plaintiffs blood was drawn and certain blood tests were performed as part of routine prenatal testing at defendant’s facility on October 15, 1992. Approximately one month later, on November 17,1992, defendant advised plaintiff that her HIV test was negative. Plaintiff represents that it was not until December 1995, following the discovery that her son Kyle, age one, was HIV positive, that she, upon being retested, learned that she too was HIV positive. At that same time, in December 1995, plaintiff further represents that she learned that another son, Willie, Jr., born in 1990, was also HIV positive. Plaintiff then commenced the instant action on December 2, 1996, in which plaintiffs essential contention is that she was misinformed concerning the results of her blood test in that the test results given her by defendant in November 1992, which showed her to be HIV negative, were actually someone else’s test results.
Plaintiff s further contention as set forth in her complaint is that she was in fact HIV positive in November 1992, but, as a result of defendant’s negligence, did not learn of such condition until December 1995.
The question of when periods of limitation begin to run " 'depends on a nice balancing of policy considerations’ ”. (See, Martin v Edwards Labs., 60 NY2d 417, 425.) Such balance, of necessity, weighs on the one hand the defendant’s interest in defending a claim before the passage of time impedes his ability to do so, and on the other, "the injured person’s interest in not being deprived of his claim before he has had a reasonable chance to assert it”. (See, Martin v Edwards Labs., supra, at 425.) Further, in balancing these complex considerations, a key threshold determination which must be made in this particu *798 lar case is how to characterize plaintiffs claim. That is, is the true nature of plaintiff’s claim one of negligence, or is it a claim sounding in medical malpractice? The distinction is a critical one, in that, as noted at the Alexander and McLaughlin Supplementary Practice Commentaries to CPLR 214-a (McKinney’s Cons Laws of NY, Book 7B, CPLR C214-a:l, 1997-1998 Pocket Part, at 158-170), the Court of Appeals has taken a rather restrictive approach vis-a-vis the Statute of Limitations in cases of medical malpractice, generally running the period of limitations from the date the last act of malpractice was performed, rather than from the date the resulting injury was discovered. Such distinction was, in this court’s view, cogently articulated in McKinney v Bellevue Hosp. (183 AD2d 563 [1st Dept 1992]), wherein the Court unanimously held that claims of negligence are restricted to those cases where the act or acts in question are readily within the experience and common knowledge of the trier of fact. Applying such standard, the Court in McKinney (supra) held that the failure to inform an employee, or prospective employee, that his physical examination had in fact detected a serious medical problem is in fact an act of ordinary negligence. Likewise, in the instant case, mistakenly mixing up someone else’s test results with those-of the plaintiff, thereby causing plaintiff to be misinformed as to her true test results, must be deemed an act of ordinary negligence, ministerial in nature, well within the experience of the fact finder. As such, the restrictive approach governing the Statute of Limitations in medical malpractice cases simply does not apply. Moreover, those cases involving a misdiagnosis, a form of medical malpractice, are also readily distinguishable. (See, i.e., Schiffman v Hospital for Joint Diseases, 36 AD2d 31 [2d Dept 1971] [biopsy slides of plaintiff’s body tissue misread]; see also, Rodriguez v Manhattan Med. Group, 77 NY2d 217 [1990].)
 Therefore, since the instant case involves an act of alleged negligence, rather than medical malpractice, and bearing in mind that the courts have recognized as a matter of policy and equity that an injured person ought not to be deprived of his claim before he or she has had a reasonable chance to assert it (see, Martin v Edwards Labs., supra), this court is of the view that, at this juncture, the appropriate date upon which the period of limitations is to commence is the date plaintiff discovered she was HIV positive, i.e., December 1995. The court would find then that the instant action, brought less than one year later, was certainly timely com *799 menced within the three-year period applicable to claims of ordinary negligence.
Moreover, as pointed out in the McLaughlin Practice Commentaries to CPLR 214 (McKinney’s Cons Laws of NY, Book 7B, CPLR C214:5, at 523), as an affirmative defense, the burden of proof remains upon the defendant to demonstrate that the alleged injury occurred more than three years prior to commencement. (And see, Martin v Edwards Labs., supra.) Such demonstration, it is recognized, may have to await the trial of the action. (See, Martin v Edwards Labs., supra; and see, Fitzpatrick v Robins Co., 99 AD2d 478 [2d Dept 1984].)
Accordingly, defendant’s motion to dismiss the instant complaint, and/or summary judgment, is hereby denied in all respects, without prejudice to defendant renewing such application at time of trial.