■ HEIDI PLAYFORD, Respondent, v PHELPS MEMORIAL HOSPITAL CENTER, Appellant. [680 NYS2d 267] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Rosato, J.), entered October 28, 1997, which denied its motion to dismiss the complaint as time barred.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

In October 1992, when the plaintiff was pregnant, she was given an HIV blood test at the defendant Phelps Memorial Hospital, and was told a month later that her blood had tested negative for HIV infection. In fact, the report in her hospital file indicating that she was HIV negative belonged to another patient. According to the plaintiff's complaint, served in December 1996, she only learned in December 1995 that she was HIV positive and that two of her four children, born after she was given the false report, were also HIV positive. She blamed the defendant, *inter alia*, for the three-year delay in her diagnosis and treatment. The defendant's motion to dismiss the complaint as untimely was denied by the Supreme Court, which ruled that the mix-up in the HIV test results was ordinary negligence rather than medical malpractice, and the Statute of Limitations began to run from the plaintiff's "discovery" of the defendant's mistake rather than from the date the mistake occurred.

The court did not err in ruling that the switching of the plaintiff's HIV test results with those of another patient was an act of simple negligence rather than medical malpractice (*see, e.g., Caracci v State of New York*, 203 AD2d 842; *McKinney v Bellevue Hosp.*, 183 AD2d 563). However, until the Legislature provides otherwise, the three-year Statute of Limitations applicable to a "negligence" action like the one at bar, which does not involve *exposure* to toxic substances (*cf.*, CPLR 214-c), commences to run on the date of the "occurrence" of the

injury, not on the date when it was "discovered" (CPLR 214 [5]; *see, e.g., Blanco v American Tel. & Tel. Co.,* 90 NY2d 757; *Snyder v Town Insulation,* 81 NY2d 429; *Jackson v L.P. Transp.,* 72 NY2d 975; *Thornton v Roosevelt Hosp.,* 47 NY2d 780). Accordingly, the plaintiff's action is time barred. Joy, J. P., Friedmann, Krausman and Luciano, JJ., concur. [*See,* 174 Misc 2d 796.]