**Elizabeth Robb BICE, Clare Robb Wenk, Edward Robb, Barbara Robb, Plaintiffs–Appellants,**

v.

**George E. ROBB, Jr., Defendant–Appellee.**

No. 08–1421–cv.

United States Court of Appeals, Second Circuit.

April 28, 2009.

John M. Brickman, Ackerman, Levine, Cullen, Brickman & Limmer, LLP, Great Neck, N.Y. for Appellant.

James A. Goold, (Matthew J. Watkins, on the brief), Covington & Burling LLP, New York, N.Y., for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Plaintiffs-appellants appeal from an order of the United States District Court for the Southern District of New York (Crotty, J.), dismissing their complaint on the ground that it is barred by the statute of limitations. *Bice v. Robb*, No. 07–cv–2214, 2008 WL 552566 (S.D.N.Y. Feb.29, 2008). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The plaintiffs are siblings of defendant-appellee George E. Robb Jr. ("George Jr."). They allege that in March 1985, when their father, George Sr., sold his controlling share in the family business to George Jr., George Jr. promised, "[a]s a condition of the sale", that he would "manage the [family] business to enhance the welfare of the family." Complaint ¶ 20.

The complaint further alleges that George Jr. took actions adverse to the family "[a]lmost immediately upon assuming control" of the company back in 1985, including firing a brother and brother-in-law, and taking "steps to diminish the shareholdings of family members." Complaint ¶ 21. Sixteen years later, on March 15, 2001, George Jr. sold the company to a third-party at a large profit. Plaintiffs bring causes of action for breach of contract and constructive trust.

■ New York law provides a six-year statute of limitations for breach of contract and constructive trust claims. N.Y. C.P.L.R. 213(1)–(2). Plaintiffs filed this suit on March 14, 2007, one day short of six years after George Jr. sold the company.

The district court dismissed the suit on the ground of statute of limitations, on the theory that if George Jr. breached the alleged promise, he did so, as the complaint itself suggests, "almost immediately upon assuming control" of the company.

■ However, interpreting the complaint in the light most favorable to the plaintiffs, it is not at all clear what the alleged promise meant, and it is therefore unclear whether George Jr.'s actions in the 1980s constituted an actionable breach. The alleged promise may have been a continuing obligation, in which case, under New York's doctrine of continuing performance, "each successive breach may begin the statute of limitations running anew." *Guilbert v. Gardner*, 480 F.3d 140, 150 (2d Cir.2007). *See also Bulova Watch Co. v. Celotex Corp.*, 46 N.Y.S.2d 606, 611, 415 N.Y.S.2d 817, 389 N.E.2d 130, 132 (1979). The continuing performance doctrine applies to constructive trust claims as well as breach of contract claims. *Butler v. Gibbons*, 173 A.D.2d 352, 353, 569 N.Y.S.2d 722, 723 (App. Div. 1st Dep't 1991).

Moreover, plaintiffs' equitable constructive trust claims did not accrue until the potential plaintiffs knew or should have known of the circumstances giving rise to their claims. *See Augustine v. Szwed*, 77 A.D.2d 298, 300, 432 N.Y.S.2d 962, 965 (App. Div. 4th Dep't 1980) ("The cause of action accrues when the property in dispute is held adversely to the beneficiary's rights. If the beneficiary knows, or should know of the circumstances giving rise to the constructive trust, he will be barred if he fails to act within the statutory period as measured from that date.") (citation omitted); *Two Clinton Square Corp. v. Friedler*, 91 A.D.2d 1193, 1194, 459 N.Y.S.2d 179, 181 (App. Div. 4th Dep't 1983) ("The statute of limitations for the purpose of imposing a constructive trust is six years and the action accrues when the party seeking to impose the trust knows or should have known of the wrongful withholding.")

The question whether the statute of limitations has run turns on a number of unresolved issues of fact that would benefit from discovery. For this reason, it was error to dismiss on statute of limitations grounds based on the pleadings. The court was obligated to give the plaintiffs the opportunity for full discovery and to determine whether there was "a genuine issue as to any material fact" relating to timeliness. Fed.R.Civ.P. 56(c).

Accordingly, we hereby **VACATE** the judgment of the district court and **REMAND** the case to the district court for further proceedings consistent with this order. Our remand, however, does not preclude the district court from adjudicating the motion to dismiss on the ground that the alleged promise is too vague to be enforced, or from entertaining other dispositive motions.