■ FRANKLIN KNOBEL, Appellant, v DORIS SHAW, Individually and as Executrix of J. STANLEY SHAW, Deceased, et al., Respondents, et al., Defendants. [936 NYS2d 2]—

When using plaintiff's affidavit in opposition to defendants' motion "to remedy defects in the complaint" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]), one can infer that plaintiff and Mr. Shaw had a contractual agreement that plaintiff would identify which of nonparty Bohack Corporation's properties could become profitable; in return, he would get a share of the profits generated by the properties. The complaint alleges that his share is 31%.

Plaintiff has stated a cause of action for breach of contract against Mrs. Shaw, as executrix of Mr. Shaw's estate, but not against any of the other defendants, for he fails to identify any contract with them (*see Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [2010]; *ESI, Inc. v Coastal Corp.*, 61 F Supp 2d 35, 73 [1999]; *Crabtree v Tristar Automotive Group, Inc.*, 776 F Supp 155, 166 [1991]). To the extent plaintiff's claim arises within six years of the commencement of this suit in November 2009, it is timely. Indeed, Mr. Shaw had a "recurring obligation" to pay plaintiff his 31% share of the profits generated by the properties at issue (*Sirico v F.G.G. Prods., Inc.*, 71 AD3d 429, 435 [2010]); therefore, plaintiff's contract claim "accrued each time [Mr. Shaw] allegedly breached" this obligation (*id.*; *see also Bulova Watch Co. v Celotex Corp.*, 46 NY2d 606, 611 [1979]).

Contrary to plaintiff's contention, defendants are not equitably estopped from asserting the statute of limitations for those portions of his claim that predate November 2003 (six years before he commenced this action). "[E]quitable estoppel does not apply where the misrepresentation or act of concealment underlying the estoppel claim is the same act which forms the basis of plaintiff's underlying substantive cause of action" (*Kaufman v Cohen*, 307 AD2d 113, 122 [2003]). Here, the same wrongful acts underlie both plaintiff's estoppel argument and his

underlying substantive claim—namely, Mr. Shaw's alleged misrepresentations about the profitability of the properties at issue.

Plaintiff's unjust enrichment claim is time-barred to the extent it is based on his provision of services to Mr. Shaw in the 1970s (*see* CPLR 213 [1]; *Sirico*, 71 AD3d at 434). However, the part of the claim that is based on the individual defendants' keeping all the profits from the properties for themselves is viable for the six years preceding the commencement of this action. Accepting plaintiff's allegations as true—as one must on this pre-answer motion to dismiss—it would be contrary to equity and good conscience to permit the individual defendants to keep 100% of the profits when plaintiff was entitled to 31%.

Because the money had and received cause of action is similar to the unjust enrichment claim, it is reinstated against the individual defendants for the six years preceding the commencement of this action (*see generally Insurance Co. of State of Pa. v HSBC Bank USA*, 37 AD3d 251, 254-255 [2007], *revd on other grounds* 10 NY3d 32 [2008]).

To the extent plaintiff alleges that Mr. Shaw misrepresented in 2004 and 2005 that the properties at issue were not generating income, the fraud cause of action is timely and plaintiff has stated a cause of action with respect to those statements (*see* CPLR 213 [8]; *see Prichard v 164 Ludlow Corp.*, 49 AD3d 408, 409 [2008]; *see Kaufman*, 307 AD2d at 119-120). The remaining parts of the cause of action—based on defendants' alleged conversion of plaintiff's interests in nonparties Joton Realty Corp. and Sige Realty Co. and withholding of his share of the profits—are time-barred (*see Brick v Cohn-Hall-Marx Co.*, 276 NY 259, 263-264 [1937]; *Garber v Ravitch*, 186 AD2d 361, 362 [1992], *lv denied* 81 NY2d 707 [1993]).

Because plaintiff's fraud allegations are incidental to his breach of fiduciary duty claim and the complaint primarily seeks money damages, a three-year statute of limitations applies to the breach of fiduciary duty claim (*see Kaufman*, 307 AD2d at 118-119). The only parts of plaintiff's claim that fall within three years of the commencement of this action are defendants' alleged transfers of profits to themselves and exclusion of plaintiff. Contrary to defendants' contention, plaintiff's claim states a cause of action. As plaintiff's attorney and acknowledged holder of his 31% interest in Joton and Sige Realty Co., Mr. Shaw stood in a fiduciary relationship to him (*Matter of Levy*, 19 AD2d 413, 416 [1963]; *see Matter of Elmezzi*, 24 Misc 3d 1214[A], 2009 NY Slip Op 51449[U], *8 [2009]). The individual defendants' argument that plaintiff cannot "establish" that he

was their business partner is inappropriate on a pre-answer motion to dismiss, especially since there is an absence of documentary evidence conclusively refuting plaintiff's claim.

Plaintiff's cause of action for an accounting is timely for at least the six years preceding the commencement of this action, since the retention of profits is a continuing wrong (*see e.g. Sadov Realty Corp. v Shipur H'Shechuna Corp.*, 202 AD2d 178, 179 [1994], *lv dismissed* 84 NY2d 923 [1994]). The cause of action is also viable even before November 2003. Indeed, the statute of limitations against a fiduciary for an accounting "does not begin to run until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated" (*Westchester Religious Inst. v Kamerman*, 262 AD2d 131, 131 [1999]; *see also Matter of Barabash*, 31 NY2d 76, 80 [1972]). Here, defendants did not submit documentary evidence definitively establishing that they had repudiated their obligations to plaintiff or that their relationship had terminated before November 2003.

Plaintiff seeks a declaration that he possesses a 31% membership interest in Sige Realty LLC, Spin, and their predecessors. This cause of action is similar to his claim for an accounting; therefore, it is timely (*see generally Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 40-41 [1995]).

Contrary to defendants' contention, laches does not bar the timely portions of plaintiff's claims. Indeed, defendants have not shown that plaintiff's delay in bringing the claims "hampered [their] ability to defend against [them]" (*Sirico*, 71 AD3d at 434). Moreover, as noted earlier, Mr. Shaw had a fiduciary relationship with plaintiff and there is no indication that he openly repudiated that relationship; thus, he is not entitled to rely upon the defense of laches (*Barabash*, 31 NY2d at 82).

The constructive trust claim was properly dismissed as time-barred. Such a claim "is governed by the six-year statute of limitations provided by CPLR 213 (1), which commences to run upon occurrence of the wrongful act giving rise to a duty of restitution, and not from the time when the facts constituting the fraud are discovered" (*Kaufman*, 307 AD2d at 127). Plaintiff notes that "[t]he continuing performance doctrine applies to constructive trust claims" (*Bice v Robb*, 324 Fed Appx 79, 81 [2d Cir 2009]). However, his claim is not based on lost profits. Rather, it is based on Mr. Shaw's 1993 transfer of his and plaintiff's interest in Sige Realty Co. to Mrs. Shaw and the Goldsteins; the 1980 assignment of the drugstore lease from Joton to Sige Realty Inc.; the subsequent assignment of the

lease from Sige Realty Inc. to Sige Realty Co.; and the 2000 assignment of the lease from Sige Realty LLC—Sige Realty Co.'s successor—to Spin. These events all occurred more than six years before commencement of the action. Concur—Mazzarelli, J.P., Andrias, Renwick, Freedman and Manzanet-Daniels, JJ.