TIMOTHY ROBINSON et al., Appellants, v OZ MASTER FUND, LTD., et al., Respondents. [30 NYS3d 864]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 19, 2015, which granted defendants' motions to dismiss the complaint, unanimously affirmed, with costs.

Contrary to plaintiffs' assertion, none of the agreements at issue barred defendants from participating in debtor-in-possession financing for Solidus Networks, Inc. (Solidus), and in that new capacity seeking superpriority of the new indebtedness over unsecured claims. Plaintiffs point to only one specific contract provision, which is in the consent agreement. However, plaintiffs are not party to the consent agreement, which was only between defendants and Solidus. Because that agreement was entered into for a separate purpose (to allow Solidus to enter into the transaction with plaintiffs), pursuant to a prior securities purchase agreement, entered into well before and unconnected to the current transaction, and is between defendants and Solidus, but not plaintiffs, it cannot be said that the consent agreement should be read together with the other agreements in the transaction.

The cause of action for breach of the covenant of good faith and fair dealing was properly dismissed, since such a claim may not be used to impose obligations that alter or add to the express terms of the parties' agreements (*see Peter R. Friedman, Ltd. v Tishman Speyer Hudson L.P.*, 107 AD3d 569, 570 [1st Dept 2013]). Furthermore, the claim for unjust enrichment was properly dismissed, because the subject matter of the claim is covered by the various express agreements in the transaction (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.