■ ALEXANDER J. GERSCHEL et al., Appellants, v CRAIG G. CHRISTENSEN et al., Respondents, et al., Defendants. [40 NYS3d 41]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered December 15, 2015, which granted the motion of defendants Craig G. Christensen and Christensen Capital Law Corporation (defendants) to vacate a default order pursuant to CPLR 5015 (a) (1), unanimously affirmed, without costs.

Our previous decision (128 AD3d 455 [1st Dept 2015]) did not preclude defendants from moving to vacate the default order that was entered in the IAS court on that decision. "An issue must be actually litigated for the law of the case doctrine . . . to apply" (*People v Grasso*, 54 AD3d 180, 210 [1st Dept 2008]; *see also Bishop v Maurer*, 83 AD3d 483, 484 [1st Dept 2011]). What was at issue and litigated on the prior appeal was the interpretation of CPLR 1003 and the tolling agreements, *not* the standards for vacating a default judgment.

The motion court providently exercised its discretion by accepting defense counsel's excuse that he failed to make a timely motion to dismiss the amended complaint on behalf of defendants.

Except as to the tenth cause of action, defendants "set forth facts sufficient to make out a prima facie showing of a meritorious defense" (*Bergen v 791 Park Ave. Corp.*, 162 AD2d 330, 331 [1st Dept 1990]). Plaintiffs' claims for legal malpractice, negligence, conversion, unjust enrichment, and constructive trust accrued at the time of their injury; these claims are not subject to a discovery rule (*see e.g. McCoy v Feinman*, 99 NY2d 295, 301 [2002] [malpractice]; *Playford v Phelps Mem. Hosp. Ctr.*, 254 AD2d 471, 471-472 [2d Dept 1998], *lv denied* 93 NY2d 806 [1999] [negligence]; *Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 44 [1995] [conversion]; *Kaufman v Cohen*, 307 AD2d 113, 127 [1st Dept 2003] [unjust enrichment]; *Knobel v Shaw*, 90 AD3d 493, 496 [1st Dept 2011] [constructive trust]). The statute of limitations for malpractice, negligence, and conversion is three years (*McCoy*, 99 NY2d at 301; *Playford*, 254 AD2d at 471; *Vigilant*, 87 NY2d at 44); that for unjust enrichment and constructive trust is six years (*Knobel*, 90 AD3d at 495-496). Plaintiffs were injured in November 2001, when the Bella Meyer Trust and Francine Meyer de Camaret Trust were dissolved and plaintiffs failed to receive their share of the distributions therefrom. Thus, the statutes of limitation ran either in November 2004 or November 2007, depending on the cause of action. Plaintiffs did not sue until September 2010.

Where "an allegation of fraud is essential to a breach of fiduciary duty claim" (*IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139 [2009]), the statute of limitations is six years (*id.*), and "[t]he discovery accrual rule . . . applies" (*Kaufman*, 307 AD2d at 122). Two of the plaintiffs submitted affidavits saying they did not know until early September 2008 that the trusts had been distributed in 2001. On the other hand, plaintiffs' father submitted an affidavit saying that his sons were aware that distributions had been made by or before 2003. Where, as here, "[i]ssues of fact are created in the affidavits submitted on behalf of the opposing parties," a defendant can establish a meritorious defense and is entitled to have a default judgment vacated (*Bishop v Galasso*, 67 AD2d 753, 753 [3d Dept 1979]).

When a plaintiff alleges fraud or constructive fraud (*cf. Colon v Banco Popular N. Am.*, 59 AD3d 300, 301 [1st Dept 2009]), "[a] cause of action [for] negligent misrepresentation accrues on the date of the alleged misrepresentation which is relied upon by the plaintiff" (*Fandy Corp. v Lung-Fong Chen*, 262 AD2d 352, 353 [2d Dept 1999]). The complaint does not allege that defendants made any misrepresentation on which plaintiffs relied.

If defendants were plaintiffs' fiduciaries for the relevant period, plaintiffs would be entitled to an accounting "for at least the six years preceding the commencement of this action" (*Knobel*, 90 AD3d at 496). While Mr. Christensen was plaintiffs' fiduciary in November 2001 because he was their attorney-in-fact with respect to the trusts, defendants made a prima facie showing that they were no longer plaintiffs' fiduciaries by September 2004; Mr. Christensen contends that the powers of attorney expired by operation of law when the trusts were dissolved in November 2001.

Since defendants admitted that they breached the amended tolling agreement by failing to pay plaintiffs the $100,000 required thereunder, defendants failed to demonstrate a meritorious defense to the tenth cause of action. However, after the issuance of the order appealed from, the IAS court granted plaintiffs' motion for summary judgment on that cause of action against defendants and defendant Jeffrey M. Moritz. Thus, it would be academic at this point for us to say that the IAS court should have denied defendants motion to vacate the default order with respect to the tenth cause of action. Concur—Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ.