Toussie v SFIV SS-1, LLC (2020 NY Slip Op 06371)





Toussie v SFIV SS-1, LLC


2020 NY Slip Op 06371


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Acosta, P.J., Singh, Kennedy, Shulman, JJ. 


Index No. 160279/18, 650227/16 Appeal No. 12291-12292 Case No. 2019-05105, 2020-03378 

[*1]Robert Toussie, Plaintiff-Appellant,
v
SFIV SS-1, LLC, et al., Defendants-Respondents.
In the Matter of Robert Toussie, Plaintiff-Appellant, Michael Toussie, Plaintiff,
v
Coastal Development, LLC, et al., Defendants. Stabilis Fund IV, LP, et al., Nonparties-Respondents.


Scheyer & Stern, LLC, Nesconset (Patricia A. Stern of counsel), for appellant.
Reed Smith LLP, New York (Christopher P. Hoffman of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about November 6, 2019 in the first-captioned action (the First Action), which granted defendants' motion to dismiss the third amended complaint with prejudice pursuant to CPLR 3211(a)(7), unanimously affirmed, with costs.
Order, same court and Justice, entered on or about July 30, 2020 in the second-captioned action (the Second Action), which granted nonparties', Stabilis Fund IV, LP (Stabilis) and SFIV SS-1, LLC's (SFIV)(collectively defendants), motion to vacate restraining notices served by petitioner Robert Toussie on nonparties Power Plant Entertainment, LLC (Power Plant) and US Bank N.A., unanimously affirmed, with costs.
The third amended complaint filed in the First Action was correctly dismissed, given the clear language of paragraph 5(d) of the participation agreement, which says that plaintiffs Robert Toussie (Toussie) and Michael Toussie (the Investors):
"shall look solely to Coastal (and [respondent Richard Fields] under his guaranty . . .) to collect any amounts payable to the Investors hereunder, and in no event shall the Investors take any action against the Tribe, Power Plant or any other person for collection of their Participation Interest . . . Notwithstanding the foregoing, if the Investors obtain a judgment or judgments against Coastal or [Fields] due to non-payment of such amounts, the Investors may notify Power Plant of the amount of each such judgment and seek collection thereof from Power Plant to the extent of any and all amounts that would otherwise be payable by Power Plant to Coastal."
To the extent Toussie seeks to collect his interest pursuant to the Participation Agreement, he is precluded from doing so by virtue of the judgment. In any event, defendants qualify as "any other person," against whom the Investors may not take any action for that purpose. To the extent he seeks to collect on his judgment, paragraph 5(d) permits him to collect against Power Plant. Additionally, although Investors are permitted to pursue claims in their capacity as judgment creditors, the complaint here fails to plead any valid claim under the Debtor and Creditor Law (DCL). Defendants' interest in Power Plant distributions derives from a valid assignment, is supported by fair consideration and is security for a legitimate debt (see DCL § 273 [a][2]). Allegations that the transfers made by Coastal and Fields to defendants were made with intent to defraud plaintiffs (see DCL § 273[a][1]) are conclusory (see Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 155 AD3d 1218, 1219 [3d Dept 2017], affd 31 NY3d 1090 [2018]).
We next turn to the issue of whether the restraining notices served in connection with the Second Action were properly vacated. Stabilis' and SFIV's contention that the notice to Power Plant is ineffective because it was sent to Maryland is unavailing as such an objection belongs to Power Plant, the allegedly improperly served party (see Matter of Resnick v Town of Canaan, 38 AD3d 949, 951 [3d Dept 2007]). Stabilis and SFIV also incorrectly argue that the motion to dismiss order in the First Action is law of the case in Second Action. The issue of whether Toussie could serve a restraining notice on Power Plant and US Bank was not before the court or actually litigated in connection with the motion to dismiss the First Action (see Gerschel v Christensen, 143 AD3d 555, 556 [1st Dept 2016]).
Nevertheless, the restraining notices were properly vacated. On February 17, 2012, Power Plant instructed US Bank to send the payments that would otherwise be payable to Coastal to a lockbox account at nonparty Bank of America (BOA) labeled "BOA . . . as Agent for Coastal." Power Plant's instructions could not be revoked, modified, or cancelled unless BOA or its successors consented. On the same day, Coastal authorized BOA to debit the lockbox account to satisfy its indebtedness to the bank. Coastal's instructions similarly could not be revoked unless BOA consented.
As a result of these instructions, there are no "amounts . . . payable by Power Plant to Coastal" (paragraph 5[d]) for Toussie to restrain; since February 17, 2012, the amounts have been payable to BOA, not Coastal. As a further result of these instructions, Coastal no longer had a leviable interest in the funds that Power Plant sent to the lockbox account (see CIMC Raffles Offshore [Singapore] Ltd. v Schahin Holding S.A., 942 F Supp 2d 425, 429 [SD NY 2013]). Therefore, for purposes of CPLR 5222(b), Coastal (the judgment debtor) no longer had an "interest" in the property of which Power Plant had possession or custody (see e.g. Matter of Sumitomo Shoji New York v Chemical Bank N.Y. Trust Co., 47 Misc 2d 741, 744-745 [Sup Ct, NY County 1965], affd 25 AD2d 499 [1st Dept 1966]).
Contrary to Toussie, Stabilis and SFIV were not required to start a special proceeding in Kings County, where Toussie resides and instead, were permitted to make a motion in this action (see CPLR 5240). "[P]ermitting a second court to dissolve a restraining notice issued out of the first court would . . . threaten the first court's injunctive power" (CSX Transp., Inc. v Island Rail Term., Inc., 879 F3d 462, 471 [2d Cir 2018]). Toussie's argument that Stabilis and SFIV were required to serve Coastal, Fields, Power Plant, and US Bank is also unavailing (see CPLR 5240).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020