Spada v Aspen Univ., Inc. (2022 NY Slip Op 00831)





Spada v Aspen Univ., Inc.


2022 NY Slip Op 00831


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Renwick, J.P., Mazzarelli, Friedman, Singh, Pitt, JJ. 


Index No. 656752/20 Appeal No. 15238 Case No. 2021-01549 

[*1]Nicholas Spada, Plaintiff-Appellant,
v
Aspen University, Inc., Defendant-Respondent.


Greenbaum, Rowe, Smith & Davis LLP, New York (Judah Skoff of counsel), for appellant.
Ganfer Shore Leeds & Zauderer, LLP, New York (Steven J. Shore of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 14, 2021, which granted defendant's motion to dismiss the first amended complaint and denied plaintiff's cross motion for leave to file a second amended complaint, unanimously modified, on the law, solely to declare in defendant's favor on the claim for a declaratory judgment, and, as so modified, affirmed, with costs.
It is undisputed that defendant failed to repay the principal and interest on its promissory note within two years of the effective date of the note, as required by the terms of the note, and that plaintiff did not assert his claims for breach of contract and unjust enrichment within the six-year limitations period applicable to both (see CPLR 213[2]; Knobel v Shaw, 90 AD3d 493, 495 [1st Dept 2011]). Plaintiff argues that his rights were not limited by the two-year payment period, because, pursuant to the terms of the note, he had the right to declare the unpaid principal balance immediately due and payable in full upon an event of default, not upon the maturity date, and that therefore the action is timely. This argument is unavailing. "Although parties may agree after a cause of action has accrued to extend the statute of limitations, an agreement to . . . extend the Statute of Limitations [that] is made at the inception of liability [will be] unenforceable because a party cannot[,] in advance, make a valid promise that a statute founded in public policy shall be inoperative" (Deutsche Bank Natl. Trust Co. v Flagster Capital Mkts. Corp., 143 AD3d 15, 19 [1st Dept 2016] [internal quotation marks omitted], affd 32 NY3d 139 [2018]). Statutes of limitation express the public policy of "giving repose to human affairs" (id. [internal quotation marks omitted]).
The unjust enrichment claim was correctly dismissed on the additional ground that the subject matter of the claim is covered by the note (see Robinson v OZ Master Fund, Ltd., 139 AD3d 639, 639 [1st Dept 2016], lv denied 28 NY3d 904 [2016]).
The cause of action for a judgment declaring that plaintiff is a shareholder of record of defendant was correctly resolved in defendant's favor based on unrebutted documentary evidence showing that all plaintiff's shares in defendant were reissued by its parent company, AGI, and were subsequently cancelled and reissued in street name at his request and that plaintiff owned no other shares of defendant or AGI. However, because the declaratory judgment claim was determined on the merits, the proper course was to declare in defendant's favor, rather than dismissing the claim (see Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]).
Leave to amend the first amended complaint was properly denied, because the addition of AGI as a defendant would not cure the deficiency of the first amended complaint (see Bregman v 111 Tenants Corp., 97 AD3d 75, 85 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: February 8, 2022