**Sprecher v Miller**

2024 NY Slip Op 33813(U)

October 23, 2024

Supreme Court, New York County

Docket Number: Index No. 655888/2020

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**

*Justice*

PART **11M**

------------------------------------------------------------------------------X

BENNETT SPRECHER, PROMENADE THEATRE CORPORATION

Plaintiff,

- v -

WILLIAM P. MILLER, CADOGAN CORPORATION,

Defendant.

------------------------------------------------------------------------------X

INDEX NO. 655888/2020

MOTION DATE 04/26/2024, 05/13/2024, 07/12/2024

MOTION SEQ. NO. 011 012 013

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 011) 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 214, 215, 216, 218, 219, 220, 221, 222, 223, 228, 229, 230, 231, 232, 233

were read on this motion to/for _____SANCTIONS_____.

The following e-filed documents, listed by NYSCEF document number (Motion 012) 209, 210, 211, 213, 217, 224, 234

were read on this motion to/for _____REARGUMENT/RECONSIDERATION_____.

The following e-filed documents, listed by NYSCEF document number (Motion 013) 225, 226, 227, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245

were read on this motion to/for _____SUMMARY JUDGMENT(AFTER JOINDER_____.

**Background[1]**

This action arises out of allegations that defendants, William P. Miller, a majority shareholder of the plaintiff corporation, the majority shareholder's son and a corporation owned and operated by Miller, have actively caused the plaintiff corporation to lose over $2 million in profits.

Plaintiff Sprecher alleges that from 1983 through the present, Sprecher has been solely responsible for the creation, design, construction, and management of the operations of

_____

[1] The Court would like to thank Special Master Jason Lowe, Esq. for his assistance in this matter.

**655888/2020   SPRECHER, BENNETT ET AL vs. MILLER, WILLIAM P. ET AL**
**Motion No.  011 012 013**

Page 1 of 8

Promenade Theatre Corporation's ("PTC") primary asset, a leasehold interest in real property located at 2162 Broadway in New York County. Sprecher alleges that the 1983 agreement entitled him to 50% of the management fees and that this agreement was affirmed orally and the complaint alleges in 2006, Miller began to diminish the percentage paid to Sprecher. Sprecher alleges that there was no consideration given for the change in the percentage of management fees. Sprecher conveyed a portion of his ownership interest to his spouse, Amy Sprecher and together the parties maintain a one third interest in PTC.

In 2006, the parties entered into a joint venture agreement, with a non-party. Sprecher contends that the 2006 agreement did not alter the terms of the 1983 agreement and contends that he was still entitled to a 50% management fee as indicated in the 1983 agreement. Miller, as the majority shareholder, increased PTC's spending on management fees while simultaneously decreasing Sprecher's percentage of those fees.

Plaintiffs allege that defendants mismanaged the corporate funds of plaintiff, PTC, and engaged in self-dealing to the detriment of Sprecher as a minority shareholder and PTC and failed to distribute the profits of PTC to the minority shareholders. Additionally, plaintiffs contend that engaging in and settlement of an arbitration was not in the best interest of PTC and did not occur with the consent of Sprecher.

Defendants previously sought to dismiss the complaint and, other than for one cause of action, defendants' motion to dismiss was denied. Defendants now move for summary judgment, primarily submitting documents it claims show there are no undisputed facts regarding the conduct of the arbitration proceeding and settlement. In addition, plaintiffs filed a motion seeking sanctions, discovery, and disqualification of counsel. Separately, plaintiffs moved to reargue the portion of the motion to dismiss plaintiffs lost.

655888/2020   SPRECHER, BENNETT ET AL vs. MILLER, WILLIAM P. ET AL
Motion No.  011 012 013

Page 2 of 8

2 of 8

**Discussion**

### Defendants' Motion for Summary Judgment

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851, 476 N.E.2d 642, 487 N.Y.S.2d 316 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

Defendants' motion for summary judgment presents evidence of plaintiffs' involvement in the disputed arbitration. Defendants argue this shows plaintiffs consented to the actions plaintiffs complain of. In opposition, plaintiffs directly contradict these facts and provide contextual facts which create an issue of fact.

For instance, defendants argue that plaintiff Bennet Sprecher signed a retainer agreement with attorney Lawrence Lowen which, plaintiffs argue, shows that Mr. Sprecher authorized Mr. Lowen to represent PTC in the arbitration after a series of subsequent events. However, the retainer states,

> Client has engaged the Firm to provide the following services: The facilitation of the distribution of withheld joint venture funds generated from rents paid by Sephora USA, Inc. to Broadway Phoenix Promenade Associates, a joint venture consisting of Promenade and Broadway Phoenix Co., LLC and other adjustments and/or amendments to that certain joint venture agreement dated May, 2006 between the aforesaid parties.

NYSCEF #226, Exhibit 1.

655888/2020   SPRECHER, BENNETT ET AL vs. MILLER, WILLIAM P. ET AL                    Page 3 of 8
Motion No.  011 012 013

3 of 8

[* 3]

The retainer goes on to note,

Client has not engaged the Firm, nor has the Firm agreed,
to represent Client regarding any other matter.

*Id.*

Therefore, by the very terms of the retainer, it does not show that there is no dispute of fact that Mr. Sprecher authorized Mr. Lowen to initiate the arbitration. The retainer agreement does not reference an arbitration and states it is limited to a non-arbitration subject. Plaintiffs also provide explanations for participating in the arbitration after it was initiated, even if they objected to bringing the arbitration. Considering the factual disputes, defendants are not entitled to summary judgment on this issue.

With regards to the other issues raised by defendants in their motion for summary judgment, the briefing is substantially similar to the briefing in defendants' motion to dismiss, which was mostly denied. The motion for summary judgment does not present any undisputed facts which would justify deviating from the previous denial of defendants' application to dismiss the complaint. Therefore, the motion for summary judgment is denied in its entirety.

**Motion to Reargue**

Plaintiffs move to reargue the motion to dismiss, arguing that the Court erred in fully dismissing the third cause of action for breach of contract on statute of limitations grounds.

The alleged breach of contract at issue regards the payment of distributions plaintiffs alleges are owed. Plaintiffs argue that the dismissal of the contract claim on statute of limitations grounds was improper because, though the initial breach of the agreement occurred in 2008, subsequent breaches occurred every time defendants failed to make a distribution payment. The First Department, in *Knobel v Shaw*, 90 AD3d 493, 494 [1st Dept 2011] found that when a party has a "recuring obligation" to pay a percentage of profits, a contract claim accrues each time

655888/2020   SPRECHER, BENNETT ET AL vs. MILLER, WILLIAM P. ET AL                    Page 4 of 8
Motion No.  011 012 013

4 of 8

[* 4]

there is a failure to make payment. The Court finds this case persuasive and defendants do not explain why the reasoning is inapplicable.

Therefore, the Court grants reargument and modifies the previous order to dismiss the third cause of action only with respect to distribution payments that were due prior to 6 years before the filing of the complaint in this action.

**Motion Seeking Discovery Sanctions and Disqualification**

Plaintiff moves for discovery sanctions due to defendants' failure to comply with this Court's orders at NYSCEF #136 and NYSCEF #141. The Court will not order sanctions at the current time because the case was stayed due to the death of a party and defendants subsequently filed a motion for summary judgment. In light of those factors, and any confusion they may have caused, defendants' conduct was not sanctionable.

However, for the avoidance of any doubt, this Court's orders at NYSCEF #136 and NYSCEF #141 remain in full force and effect and the filing of a subsequent motion for summary judgment will not stay the need to comply with those orders, absent an order from this Court staying compliance. The orders are continuing to the extent that additional records relevant to these orders are created. Defendants are ordered to take the actions within their power to locate and obtain documents this Court ordered defendants to produce including, but not limited to, looking through the deceased's mail, seeking to access account statements and bank records online, and using any powers defendants have as executors of the deceased's estate to obtain the appropriate records.

Further, to the extent, after defendants take the actions within their power to locate and obtain documents this Court ordered defendants to produce, that defendants continue to argue that they do not have access to the documents at issue, defendants shall, within 30 days of this

655888/2020   SPRECHER, BENNETT ET AL vs. MILLER, WILLIAM P. ET AL                    Page 5 of 8
Motion No.  011 012 013

5 of 8

[* 5]

order, provide a Jackson Affirmation describing what actions they have taken to try and access those documents and providing any proof of attempts at compliance with this order and the previous orders of this Court.

Plaintiffs also seek the books and records of Promenade Theater Corporation. There is a dispute as to what specific documents have not been produced. If plaintiffs believe there are documents, other than documents the Court is already ordering production of, which must be produced as part of plaintiffs' requests for books and records, which have not been produced, plaintiffs shall provide a list of such missing documents to defendants within 15 days of this order. If defendants dispute that such documents are missing or constitute books and records, the parties are to meet and confer and contact the Court to seek a discovery conference if an agreement cannot be reached.

The motion to enforce the subpoena issued to Lawrence Lowen, Esq. is granted. As the opposition papers make clear, Mr. Lowen agreed to sit for a deposition. Therefore, his objections to sitting for a subpoena have been waived. Mr. Lowen shall sit for a deposition within 30 days of the date of this order.

The application to disqualify Kenneth Chase from representing Lawrence Lowen is denied. The cases Plaintiff relies on regard disqualifying an attorney who represented a corporation from representing the shareholders, officers, and directors of the corporation in a subsequent litigation. Thus, those cases would apply to disqualifying Mr. Lowen from representing the defendants in this action not Mr. Chase from representing Mr. Lowen. Nevertheless, this decision should not be read in any way to find that Mr. Lowen is excused from his duties to Promenade Theater Corporation.

Accordingly, it is hereby

655888/2020   SPRECHER, BENNETT ET AL vs. MILLER, WILLIAM P. ET AL
Motion No.  011 012 013

Page 6 of 8

6 of 8

ADJUDGED that defendants' motion for summary judgment is denied in its entirety; and it is further

ORDERED that plaintiffs' motion to reargue is granted to the extent that dismissal of the third cause of action is limited to distribution payments that were due prior to 6 years before the filing of the complaint in this action; and it is further

ORDERED and ADJUDGED that plaintiffs' motion for sanctions, discovery, and to disqualify is partially granted in that defendants are ordered to comply with this Court's orders at NYSCEF #136 and NYSCEF #141 not more than 30 days following the date of this order, provided that defendants are ordered to take immediate actions within their power to locate and obtain documents this Court ordered defendants to produce in NYSCEF #136 and NYSCEF #141; to the extent defendants are unable to produce the documents defendants were ordered to produce in NYSCEF #136 and NYSCEF #141, within 30 days of this order, defendants shall provide a Jackson Affirmation describing what actions they have taken to try and access those documents and providing any proof of attempts at compliance with this order and the previous orders of this Court; and it is further

**ORDERED** that if plaintiffs believe there are documents, other than documents the Court is already ordering production of, which must be produced as part of plaintiffs' requests for books and records, which have not been produced, plaintiffs shall provide a list of such missing documents to defendants within 15 days of this order. If defendants dispute that such documents are missing or constitute books and records, the parties are to meet and confer and contact the Court to seek a discovery conference if an agreement cannot be reached; and it is further

655888/2020   SPRECHER, BENNETT ET AL vs. MILLER, WILLIAM P. ET AL
Motion No.  011 012 013

Page 7 of 8

[* 7]

7 of 8

ORDERED that Lawrence Lowen, Esq. shall sit for a deposition within 30 days of the date of this order; and it is further

ORDERED that any relief sought in motion sequence number 11 that is not specifically granted, is denied.

20241023143555LFRANK137087D03B944A0E904EA8083550A772

_____
10/23/2024
DATE

_____
LYLE E. FRANK, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

655888/2020   SPRECHER, BENNETT ET AL vs. MILLER, WILLIAM P. ET AL
Motion No.  011 012 013

Page 8 of 8