■ BARI STAUBER et al., Respondents-Appellants, v JOSEPH ANTELO et al., Appellants-Respondents.—Order of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered on or about April 19, 1989, which granted plaintiffs' motion to reargue and, upon reargument, denied plaintiffs' motion for summary judgment on the fourth cause of action and denied defendants' cross motion for summary judgment

dismissing the fourth cause of action, is unanimously modified on the law to the extent of granting plaintiffs' motion for summary judgment as to liability on the fourth cause of action in their complaint, the matter remanded for an inquest, and otherwise affirmed, without costs or disbursements.

This lawsuit arises out of the sublet of an apartment pursuant to an oral agreement between defendant Joseph Antelo as prime tenant and plaintiff Bari Stauber, the subtenant. Prior to September of 1980, at which time Stauber and plaintiff Lori Glass began to sublet the subject premises, the apartment has been occupied by defendant Elizabeth Antelo for nearly four years. Stauber and Glass arranged with Elizabeth Antelo for them to take possession, and she left her furnishings behind when she moved to Chicago to join her husband. Thereafter, Stauber maintained her residency in the apartment until March of 1987; Glass lived there through November of 1981, and plaintiff Gloria Putiak resided in the apartment from December of 1981 through July of 1985.

Although in September of 1980 defendants paid rent of $402.88 to the landlord of the premises, the initial amount charged to plaintiffs was $720. Moreover, the apartment was rent stabilized, and defendants' tenancy was pursuant to a lease containing a standard rider that stated that if the tenant intended to sublet, he was limited to charging any subtenant the amount of rent permitted under the Rent Stabilization Law plus "a reasonable amount for any furnishings" and that any additional amounts would be considered "a rent overcharge which may subject the prime tenant to civil liability for rent overcharge and criminal liability for rent gouging." Neither the amount of the rent paid by defendants to the landlord nor the rent charged plaintiffs by defendants is in dispute.

In 1984, the landlord submitted a plan to convert the building to condominium ownership. In order to take advantage of the proposal's profitable insider rights, defendants engaged in a series of negotiations with Stauber, the sole remaining subtenant, to induce her to vacate the apartment. An agreement was finally reached in March of 1987 according to which Stauber would move out in exchange for receiving the sum of $6,500 and waiver of rent due for February and March 1987. While a check for that amount was tendered by defendants, they nonetheless stopped payment after Stauber vacated the premises. The instant actions ensued. In their complaint, plaintiffs assert claims for breach of contract, fraud, prima facie tort, and damages for rent overcharging.

However, the only issue before this court concerns the parties' respective motions for summary judgment with respect to the fourth cause of action. In that regard, the Emergency Tenant Protection Act of 1974 (McKinney's Uncons Laws of NY § 8621 et seq. [L 1974, ch 576, § 4]) was amended in 1983 to add section 8630-a, which provides, in relevant part, that: "Units subject to this law may be sublet pursuant to section two hundred twenty-six-b of the real property law provided that (a) the rental charged to the subtenant does not exceed the legal regulated rent plus a ten percent surcharge payable to the tenant if the unit sublet was furnished with the tenant's furniture * * * (e) where a tenant violates the provisions of subdivision (a) of this section the subtenant shall be entitled to damages of three times the overcharge and may also be awarded attorneys fees and interest from the date of the overcharge".

The effective date of this statute was June 30, 1983. Thus, all subtenancies renewed or entered into subsequent to that date are subject to the mandates of McKinney's Unconsolidated Laws of NY § 8630-a. Yet, defendants urge that section 8630-a does not pertain to them because plaintiffs' occupancy arrangements commenced in 1980. This position is simply untenable. It is axiomatic that in New York, a person who enters upon property by permission of the owner for an indefinite period, even without the reservation of rent, is considered to be a tenant at will (Larned v Hudson, 60 NY 102, 104; The Statement, Inc. v Pilgrim's Landing, 49 AD2d 28, 34). Moreover, the acceptance of rent on a monthly basis creates a month-to-month tenancy (Cobert Constr. Corp. v Bassett, 109 Misc 2d 119). Real Property Law § 232 states that an agreement for the occupation of real estate in the City of New York which does not specify the duration of the contractual period is deemed to continue until the first day of October next after the possession commences.

In the instant situation, there was no agreement, whether written or oral, as to the period of the subtenancy, which began in September of 1980 and, by operation of section 232 of the Real Property Law, continued until October 1, 1980, a lease term of one month. Thus, by any legal definition, plaintiffs' occupancy of the apartment involved a month-to-month subtenancy. During the duration of the arrangement between the parties herein, which lasted from September of 1980 until March of 1987, defendants, each and every month, accepted the rent tendered by plaintiffs and, consequently, elected to continue the month-to-month subtenancy, thereby renewing

their agreement with Stauber on the first day of each month. Since McKinney's Unconsolidated Laws of NY § 8630-a became effective on June 30, 1983, it must be applied to every subtenancy entered into or renewed after that date, including plaintiffs' month-to-month subtenancy with defendants. Further, defendants may not claim ignorance of the law since lack of knowledge of relevant law is not a defense to complying with legal obligations *(People v Marrero,* 69 NY2d 382), and, in any event, their lease with the landlord of the premises advised them that they would be subject to both civil and criminal liability for rent gouging.

There are no factual questions in dispute herein. It is clear that defendants charged rent in excess of the 10% allowed for a furnished sublet. The amount of the rent collected from plaintiffs is also uncontested, as are the terms of the oral agreement between the parties. Consequently, there is no reason to preclude summary judgment in plaintiffs' favor as to liability on their fourth cause of action. Although defendants may legitimately challenge the accuracy of plaintiffs' mathematical calculations, as well as the extent of the treble damages and attorney's fees which may be awarded, these are matters which should be examined at an inquest; they do not negate the fact that defendants are liable to plaintiffs for their rent overcharges. Concur—Kupferman, J. P., Milonas, Asch, Kassal and Smith, JJ.