■ CITY OF NEW YORK, Appellant, v STATE OF NEW YORK, Respondent. [621 NYS2d 70] —Order, Court of Claims (Albert A. Blinder, J.), entered July 23, 1993, which, *inter alia,* denied claimant's motion for summary judgment, *sua sponte* granted summary judgment to defendant and dismissed the claim, unanimously affirmed, without costs.

Since the terms of the parties' license agreement bound the defendant to a term of indeterminate duration, the term of the agreement was deemed to have expired on October 1, 1986 (Real Property Law § 232; *Stauber v Antelo,* 163 AD2d 246, 248). After that date, defendant became a holdover tenant and the acceptance of rent created a month-to-month tenancy (Real Property Law § 232-c; *Weiden v 926 Park Ave. Corp.,* 154 AD2d 308; *Stauber v Antelo, supra).* Because the monthly rent for the premises exceeded $5,000, even after certain downward modifications were made to the rent based on defendant's relinquishment of portions of the premises, and, because State Comptroller approval was neither sought nor obtained in violation of State Finance Law § 112 (2), no liability attached to defendant under the agreement after October 1, 1986, when the term of the agreement was deemed to have expired. Defendant's "acceptance of benefits furnished under a contract made without authority does not estop it from challenging the validity of the contract or from denying liability pursuant to it" *(Parsa v State of New York,* 64 NY2d 143, 147). Concur— Murphy, P. J., Rosenberger, Williams and Tom, JJ.