■ Shahram Kohan, Respondent, v Behzad Nehmadi et al., Appellants. [14 NYS3d 4]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered November 21, 2014, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The court properly found that plaintiff's causes of action for an accounting and a constructive trust were not time-barred. The statute of limitations for those claims are six years (CPLR 213 [1]; *Knobel v Shaw*, 90 AD3d 493, 493 [1st Dept 2011]). A

claim for an accounting accrues when there is an open repudiation of the fiduciary's obligation (*Evangelista v Mattone*, 44 AD3d 704, 705 [2d Dept 2007]), and for a constructive trust, "the cause of action accrues when the acts occur upon which the claim of constructive trust is predicated, the wrongful withholding" (*Matter of Sakow*, 219 AD2d 479, 482 [1st Dept 1995] [internal quotation marks and citation omitted]).

Here, the causes of action accrued no earlier than 2006, when the property was divided and transferred, and when defendants allegedly breached their fiduciary duty, wrongfully withholding the property from plaintiff (*Knobel*, 90 AD3d at 496; *Maric Piping v Maric*, 271 AD2d 507, 508 [2d Dept 2000]). Plaintiff commenced this action in 2011. His claims are, therefore, timely.

The court properly concluded that there was an issue of fact as to whether plaintiff was entitled to the imposition of a constructive trust (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]). Both plaintiff and defendant Behzad Nehmadi acknowledged that they were friends, and plaintiff claims that defendants promised him an interest in certain real property, that he had made payments and expended monies in reliance of that promise, that defendants were unjustly enriched at plaintiff's expense, given that certain conveyances transferred less property to him than what he claims he was promised. Given the close friendship between plaintiff and Behzad Nehmadi and defendants' alleged superior expertise and knowledge of real estate, the court properly concluded that if these factual claims were proved, they could form the basis for the imposition of a constructive trust (*see Bankers Sec. Life Ins. Socy. v Shakerdge*, 49 NY2d 939 [1980], citing *Simonds v Simonds*, 45 NY2d 233, 241-242 [1978]).

The court also properly concluded that there is an issue of fact as to whether plaintiff is entitled to an accounting of all the income and expenses related to the subject property. Regardless of whether the property remained an unimproved tract of land, or generated an income or was profitable, expenses appear to have been paid and contributions made by the parties. If plaintiff proves there is a fiduciary relationship, he would be entitled to an accounting showing how these monies were expended (*see Roslyn Union Free School Dist. v Barkan*, 16 NY3d 643, 653 [2011]; *Kazi v General Elec. Capital Bus. Asset Funding Corp. of Conn.*, 116 AD3d 592 [1st Dept 2014]). Concur—Mazzarelli, J.P., Friedman, Richter, Manzanet-Daniels and Gische, JJ.