Remigia Carbonella, Appellant,
against
Angelina Vinci Carbonella, Respondent, and William Glenn Barchuck and "Jackie Doe" Also Known as "Jacqueline Doe," Occupants.



Appeal from an order of the Civil Court of the City of New York, Richmond County (Kimberley Slade Moser, J.), entered November 17, 2014. The order, insofar as appealed from as limited by petitioner Remigia Carbonella's brief, upon a motion by petitioner to, among other things, restore a licensee summary proceeding to the Resolution Part calendar, and a cross motion by occupant Angelina Vinci Carbonella to, among other things, dismiss the petition for failure to state a cause of action and failure to join a necessary party, marked the proceeding off the calendar and directed that it not be restored except upon motion to join Michael Carbonella as a party.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
Insofar as is relevant to this appeal, petitioner commenced this summary proceeding to remove Angelina Vinci Carbonella (occupant), who is married to Michael Carbonella, petitioner's son, alleging that occupant is a licensee whose license had been terminated by service of a 10-day notice to quit (see RPAPL 713 [7]). After two requests by occupant for adjournments had been granted, petitioner moved to, among other things, restore the matter to the Resolution Part calendar and direct the payment of use and occupancy, and occupant cross-moved to, among other things, dismiss the petition for failure to state a cause of action and failure to join a necessary party. In support of the cross motion, occupant raised the issues, among others, that the proceeding does not lie because she is a tenant, not a licensee, and that her husband, Michael Carbonella, was a necessary party because he had stipulated, in a pending matrimonial action between them, that he would maintain the status quo of occupant's living situation until he had made certain payments to occupant for arrears in, and current, child support, which payments have not been made. The Civil Court denied the motion and cross motion, but marked the proceeding off the calendar, finding that it was premature until the [*2]support payments had been made, and directed that the proceeding not be restored except upon joinder of Michael Carbonella. As limited by her brief, petitioner appeals from so much of the order as marked the proceeding off the calendar and directed that it not be restored except upon joinder of Michael Carbonella.
The record establishes that occupant and Michael Carbonella were in exclusive possession of the subject apartment from the time of their marriage in 2004 until occupant locked Michael Carbonella out in 2007, and that occupant has been in exclusive possession of the apartment since 2007. Thus, occupant is not a licensee, but a tenant (see Hok Kwan Chu v Lee, 39 Misc 3d 147[A], 2013 NY Slip Op 50859[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Rodriguez v Greco, 31 Misc 3d 136[A], 2011 NY Slip Op 50696[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]), irrespective of whether rent was paid (see Larned v Hudson, 60 NY 102 [1875]; Stauber v Antelo, 163 AD2d 246 [1990]; 109-111 1st Ave., LLC v Fromholz, 5 Misc 3d 135[A], 2004 NY Slip Op 51489[U] [App Term, 9th & 10th Jud Dists 2004]). Consequently, this licensee proceeding does not lie. While occupant has not cross-appealed from so much of the order as denied her cross motion and we are thus unable to grant her any relief, under the circumstances, we leave the Civil Court's order, insofar as appealed from, undisturbed.
We reach no other issue.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: July 28, 2016