The 230 East 48th Street LLC, Petitioner-Landlord-Respondent, 
against
Danielle Campisi, Respondent-Tenant-Appellant.



Tenant appeals from a final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered August 3, 2017, after a non jury trial, awarding possession to landlord in a holdover summary proceeding.




Per Curiam.
Final judgment (Jean T. Schneider, J.), entered August 3, 2017, affirmed, with $25 costs.
The essentially undisputed trial evidence showed that tenant listed her rent stabilized apartment on the Airbnb website at nightly rental rates starting at $200 per night, and entered into more than one dozen separate rentals totaling 79 nights in 10 months, with up to 5 guests per rental, collecting as much as $366.00 per night, more than four times tenant's daily rent of $90.00. This evidence amply supported the trial court's conclusion that tenant commercialized her apartment, an incurable violation of the Rent Stabilization Law (see Goldstein v Lipetz, 150 AD3d 562, 567 [2017], appeal dismissed 30 NY3d 1009 [2017]; Gruber v Anastas, 100 AD3d 829 [2012]; 220 W. 93rd St., LLC v Stavrolakes, 33 AD3d 491 [2006], lv denied 8 NY3d 813 [2007]). In addition, tenant's illegal, de facto hotel operation showed complete disregard for the legitimate security concerns of landlord and other tenants of the residential building, who were subjected to dozens of transient strangers staying for short periods in tenant's apartment, which illegality itself warranted termination (see 335-7 LLC v Steele, 53 Misc 3d 150[A], 2016 NY Slip Op 51689[U] [App Term, 1st Dept 2016]; 128 Second Realty LLC v Dobrowolski, 51 Misc 3d 147[A], 2016 NY Slip Op 50772[U] [App Term, 1st Dept 2016] [Shulman, J., concurring]). 
Contrary to tenant's appellate argument, she was not entitled to a notice to cure or any further opportunity to cure. "Once substantial profiteering has been established, the tenant is subject to eviction without any right to cure, as a matter of law" (Goldstein v Lipetz, 150 AD3d at 570; see 335-7 LLC v Steele, 53 Misc 3d 150[A]; 42nd & 10th Assoc., LLC v Ikezi, 50 Misc 3d 130[A], 2015 NY Slip Op 51915[U] [App Term, 1st Dept 2015]; Brookford, LLC v Penraat, 47 Misc 3d 723, 743-745 [Sup Ct, NY County 2014] [Edmead, J.]). Moreover, it is doubtful that a cure would be possible. "In this context, 'cure' does not mean simply the termination of the illegal subletting, but also the refund to the subtenants of the overcharges" (Goldstein v Lipetz, 150 AD3d at 571). Given the number of individuals tenant hosted via Airbnb, with whom she [*2]had no direct financial dealings, it appears that the overcharges tenant collected "could not practicably be refunded" (id.).
Tenant's claim that landlord treated the apartment as a market rate, unregulated unit does not aid her cause. "In determining whether a dwelling unit is subject to rent regulation, what the parties think might be its status or even what they agree to be its status is not dispositive; what is controlling is whether the premises meet the statutory criteria for protection under the applicable regulatory statute" (546 W. 156th St. HDFC v Smalls, 43 AD3d 7, 12 [2007]). Equally unavailing is tenant's argument that she did not know the premises were stabilized when she engaged in the challenged conduct, as it is well settled that ignorance of relevant law is not a defense to complying with legal obligations (see Stauber v Antelo, 163 AD2d 246 [1990] [sublet overcharge]; also see Fox v 12 East 88th LLC, 160 AD3d 401 [2018]). We also note that while tenant seeks to avoid the burdens of rent stabilization in the instant proceeding by claiming she was unaware that the apartment was stabilized at the time of her Airbnb subletting, she nevertheless seeks to reap the benefits of stabilization through a rent overcharge action in Supreme Court, wherein she seeks, inter alia, treble damages for alleged rent overcharges collected by landlord during the same period of time [FN1]
. 

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: June 04, 2018



Footnotes

Footnote 1:We take judicial notice of plaintiff's complaint in the rent overcharge action currently on file in the office of the County Clerk of New York County, bearing Index No. 103552/12 (see Prince, Richardson on Evidence § 2-209 [Farrell 11th ed]).