Donnelly v Neumann (2019 NY Slip Op 02296)





Donnelly v Neumann


2019 NY Slip Op 02296


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Manzanet-Daniels, J.P., Gische, Gesmer, Singh, Moulton, JJ.


8812 154988/18

[*1]Belinda Donnelly, et al., Plaintiffs-Appellants,
v
Hubert Neumann, etc., Defendant-Respondent.


Judd Burstein, P.C., New York (Will Bartholomew of counsel), for appellants.
Itkowitz, PLLC, New York (Jay Itkowitz and Grady R. Southard of counsel), for respondent.



Order, Supreme Court, New York County (Melissa Crane, J.), entered August 30, 2018, which granted defendant's motion for partial summary judgment on his counterclaim for ejectment and dismissing the first through fourth causes of action, and denied plaintiffs' cross motion for summary judgment on their seventh cause of action, alleging breach of fiduciary duty, unanimously affirmed, with costs.
In support of the breach of fiduciary duty cause of action, plaintiffs failed to establish that defendant's failure to pay the trusts rent for his use and occupancy of the house constituted misconduct (see Pokoik v Pokoik, 115 AD3d 428, 429 [1st Dept 2014]). Defendant is expressly empowered by article V, section 1(s) of the Amended and Restated Morton G. Neumann Trust Agreement known as the Morton G. Neumann Trust, dated May 15, 1980 (Trust Agreement), as trustee of the trust for his own benefit, to permit himself, in his capacity as beneficiary of the trust, to live in the house rent-free. Moreover, his doing so does not constitute a "distribution[] of income or principal" to himself, as trustee, as contemplated in article VI, section 4 of the Trust Agreement.
Defendant established prima facie that he is entitled to eject plaintiffs from the house (see Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 408, 410 [2d Dept 2009]; Jannace v Nelson, L.P., 256 AD2d 385, 385-386 [2d Dept 1998]). It is undisputed that the trusts own the house and that plaintiffs have held over past the date set forth in the termination notice as the end of their tenancy.
Plaintiffs contend that an issue of fact exists whether defendant entered into an oral agreement to allow them and their children to live in the house for an indefinite period without paying rent. As plaintiffs argue, such an oral agreement would not be void as a matter of law pursuant to the statute of frauds (General Obligations Law §§ 5-701; 5-703), because there is a possibility that its terms would end within a year (see Wang Jia v Kang, 161 AD3d 463, 465 [1st Dept 2018]). However, any further issues of fact as to the terms of the oral agreement are not material, because defendant properly terminated plaintiffs' tenancy. Contrary to plaintiffs' contention, defendant was not required to give them six months' notice of termination. The tenancy being of an indeterminate duration, it terminated by operation of law on the first October 1 after the possession commenced under the agreement (Real Property Law § 232). Since plaintiffs did not pay rent after termination of their tenancy of indeterminate duration, they became tenants at will (Stauber v Antelo, 163 AD2d 246, 248 [1st Dept 1990] [a person who enters upon property by permission of the owner for an indefinite period, even without the reservation of rent, is considered to be a tenant at will]). Accordingly, defendant would have been required to provide only 30 days' notice to terminate the tenancy (Real Property Law §§ 228), which he did.
In support of their cause of action for the imposition of a constructive trust, plaintiffs failed to establish that they transferred property in reliance upon a confidential relationship or that defendant was unjustly enriched (see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]). To the [*2]contrary, plaintiffs were permitted to live at the property rent-free for about six years (cf. Kohan v Nehmadi, 130 AD3d 429, 430 [1st Dept 2015] [issues of fact existed as to plaintiff's entitlement to constructive trust, where plaintiff claimed he received less property than he claimed he was promised, based on parties' close friendship and defendants' superior expertise in real estate]; Livathinos v Vaughan, 121 AD3d 485, 486 [1st Dept 2014]).
In support of their causes of action for injunctive relief (the first through fourth), plaintiffs failed to establish irreparable harm that would result from defendant's exercise of his discretionary powers to remove them from the house (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839 [2005]; CPLR 6301).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK