Frazier v Barnes (2024 NY Slip Op 02145)

Frazier v Barnes

2024 NY Slip Op 02145

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Oing, J.P., Moulton, Mendez, Shulman, Pitt-Burke, JJ. 

Index No. 816618/22 Appeal No. 2098 Case No. 2023-03022 

[*1]Shirley Frazier, Individually and as Administrator of the Estate of Lemuell X. Frazier, Also Known as Lemuell Frazier Jr., Plaintiff-Appellant,
v
Sonia Barnes, Defendant-Respondent.

Zeltser Law Group, PLLC, Brooklyn (Naomi Zeltser of counsel), for appellant.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about March 13, 2023, which, insofar appealed from as limited by the briefs, granted defendant's motion to dismiss, with prejudice, the first, second, and fifth causes of action asserted in plaintiff's capacity as administrator of her late husband's estate, unanimously affirmed, without costs.
Plaintiff's prior lawsuit against defendant — brought solely in her individual capacity — does not bar her current claims in her capacity as administrator of Mr. Frazier's estate. "Under res judicata, . . . a valid final judgment bars future actions between the same parties on the same cause of action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]). Plaintiff as administrator (i.e., stepping into Mr. Frazier's shoes) is not the same as plaintiff as an individual.
"Collateral estoppel precludes a party from relitigating in a subsequent action . . . an issue raised in a prior action . . . and decided against that party or those in privity" (Buechel v Bain, 97 NY2d 295, 303 [2001], cert denied 535 US 1096 [2002]). "There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action" (id. at 303-304). The issues that were decided in the prior action (e.g., whether [1] there was a confidential relationship between plaintiff and defendant and [2] defendant made a promise to plaintiff) are not identical to those in the instant action (e.g., whether [1] there was a confidential relationship between defendant and Mr. Frazier and [2] defendant made a promise to him).
Although plaintiff's claims in her capacity as administrator are not barred by res judicata and collateral estoppel, they fail to state causes of action. In general, a constructive trust requires "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment" (Sharp v Kosmalski, 40 NY2d 119, 121 [1976]). While plaintiff has pled the first three elements, she has not pled that defendant was unjustly enriched at Mr. Frazier's expense. Although plaintiff in herindividual capacity suffered detriment (because she relied on Mr. Frazier's promise, not defendant's), there is no indication that Mr. Frazier — on behalf of whose estate plaintiff is suing — suffered detriment.
In any event, "[e]nrichment alone will not suffice to invoke the remedial powers of a court of equity. Critical is that . . . as between the two parties to the transaction the enrichment be unjust" (McGrath v Hilding, 41 NY2d 625, 629 [1977]). The two parties to the transaction were defendant and Mr. Frazier; plaintiff in her individual capacity was not a party. It is not against "equity and good conscience" (Simonds v Simonds, 45 NY2d 233, 242 [1978] [internal quotations omitted]) that Mr. Frazier made defendant — the mother of his eldest child — a co-owner of the house where they lived.
In addition, the constructive trust claim is time[*2]-barred. The statute of limitations is six years (see e.g. Kohan v Nehmadi, 130 AD3d 429 [1st Dept 2015]). It "commences to run upon the occurrence of the wrongful act giving rise to a duty of restitution, and not from the facts constituting the fraud are discovered" (Knobel v Shaw, 90 AD3d 493, 496 [1st Dept 2011] [internal quotation marks omitted]). The wrongful act was defendant's refusal to reconvey her interest in the premises to Mr. Frazier when she moved out in 1996. Thus, as the motion court found, Mr. Frazier's claim for a constructive trust expired in 2002.
The motion court also properly dismissed the adverse possession claim. A claim of adverse possession is established where occupation of the property is (1) hostile and under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period (see Estate of Becker v Murtagh, 19 NY3d 75, 81 [2012]). The estate does not have an adverse possession claim against defendant because Mr. Frazier and defendant owned the property as joint tenants with rights ofsurvivorship. This mode of ownership provides for an automatic inheritance of the property by the surviving joint tenant. Allowing the estate to obtain defendant's interest through adverse possession would negate that right. We note that if plaintiff had sought to assert this claim individually against defendant she would not have satisfied the requisite statutory period of continuous possession. The claim would have accrued after
Mr. Frazier's death in 2020 because until that time she resided on the property with his permission, and not hostile and under a claim of right as against defendant. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024