Rojas v Roche (2024 NY Slip Op 51013(U))

[*1]

Rojas v Roche

2024 NY Slip Op 51013(U)

Decided on August 6, 2024

Supreme Court, Bronx County

Hummel, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 6, 2024
Supreme Court, Bronx County

Freddy Rojas and FREDDY ROJAS as 
 FATHER AND NATURAL GUARDIAN OF THE INFANT F.R., Plaintiffs,

against
Enoe Roche, Defendant.

Index No. 811143/2021E

Plaintiff's'attorney : MICHAEL DREZIN 
Firm Name: MICHAEL DREZIN 
Address: 1978 Williamsbridge Rd, Bronx, NY 10461 
Phone: (718) 823-7211 
Service E-mail: thebronxbar@aol.com
Defendants attorney ALEJANDRO VERA 
Firm Name: Alejandro Vera, Esq. 
Address: 644 Soundview Ave, Bronx, NY 10473 
Phone: (718) 542-8882 
Service E-mail: alvera07@msn.com
Other E-mails: avera@veralawyer.com

Veronica G. Hummel, J.

In accordance with CPLR 2219 (a), the decision herein is made upon consideration of all of the papers filed by the parties in NYSCEF in connection with the motion (Motion #8), of defendant ENOE ROCHE ("defendant"), made pursuant to CPLR 3212, seeking an order: 1) granting summary judgment to defendant dismissing the complaint of plaintiffs FREDDY ROJAS and FREDDY ROJAS as FATHER and NATURAL GUARDIAN OF THE INFANT F. R. ("plaintiffs"); 2) directing the Clerk to cancel the notice of pendency; 3) awarding defendant summary judgment on the first and second counterclaims; and 4) entering a money judgment against plaintiffs in the amount of $80,850, plus attorney's fees and costs. 
This decision is also made upon consideration of all of the papers filed in NYSCEF in connection [*2]with plaintiffs' motion (Motion #13), made pursuant to CPLR 3025 (b), for an order granting leave to amend the complaint and the caption.[FN1]
Background
The instant action arises from a dispute over an interest in real property in the Bronx. As brief personal background, defendant Enoe Roche is a title owner of the relevant two-family house located at 575 Beck Street in the Bronx ("575 Beck Street"). Plaintiff Freddy Rojas ("plaintiff Rojas") was involved in a romantic relationship with Sara Roche, defendant's daughter. Plaintiff Rojas and Sara Roche have a son ("plaintiff F.R."), who is defendant's grandchild. While named in this action originally as "infant F.R.", it is undisputed that the child has reached the age of maturity.
Defendant acquired title to 575 Beck Street on August 4, 2006, by Quitclaim Deed. The deed states that 575 Beck Street was transferred from Elmer Roche to defendant Enoe Roche in exchange for one dollar ($1.00). The record is unclear as to Elmer Roche's familial relationship, if any, to defendant or to the other parties.
It is alleged that sometime in that year, defendant executed a mortgage on 575 Beck Street and borrowed $150,000 against equity in the property. It appears that plaintiff Rojas, Sara Roche, and their son lived in one side of the two-family house. Plaintiffs allege that defendant promised to convey a 50% interest in 575 Beck Street to plaintiff Rojas and Sara Roche in exchange for assistance in repaying this loan. Defendant, however, denies making any such promise.
Sara Roche died in 2017, purportedly leaving plaintiff F.R. her interest in 575 Beck Street [FN2]
. Plaintiffs contend that between July 2006 and September 2017 (the time of Sara Roche's death) 135 checks were tendered from Sara Roche's checking account to pay the mortgage on 575 Beck Street. Plaintiffs claim that the source of the money was plaintiff Rojas' and Sara Roche's employment income.
After Sara Roche's death, plaintiff Rojas purportedly tendered a further 47 payments to defendant using checks drawn on plaintiff Rojas' checking account. According to plaintiffs, around the time of Sara Roche's death, defendant offered to purchase plaintiff Rojas' and plaintiff F.R.'s share of 575 Beck Street for a total of $200,000. Plaintiff Rojas claims that he declined defendant's offer and he and his son moved out of 575 Beck Street. Defendant disputes this fact and avers that he never made such an offer to plaintiffs. Plaintiff Rojas claims that he continued to tender mortgage payments to defendant until July of 2021.
After vacating 575 Beck Street, plaintiff Rojas secured tenants for a portion of 575 Beck Street. Plaintiff Rojas collected the rent from said tenants and tendered a portion thereof to defendant. Plaintiff Rojas contends that his continued payments to the defendant were plaintiffs' contributions towards the mortgage. Defendant contends that plaintiff Rojas was wrongfully acting as a middleman by collecting [*3]rent from defendant's own tenants. 
On May 7, 2021, a Quitclaim Deed on the property was executed. It provides that the agreement is "between [defendant], a married man . . . whose address is [575 Beck Street] and [defendant] and Lety Roche, husband and wife, as Tenants by the Entirety". Pursuant to the deed, defendant, for and in consideration of the sum of one dollar ($1.00), purportedly transfers full property ownership to himself and his wife Lety Roche.
Plaintiffs contend that thereafter defendant refused to accept plaintiffs' July 2021 mortgage payment and unilaterally cancelled the agreement. Plaintiffs allege that, in total, plaintiffs contributed $115,000 towards the mortgage on 575 Beck Street. 
In opposition, defendant asserts that plaintiffs were only paying to rent a portion of 575 Beck Street. Defendant claims that all the money he received from plaintiff Rojas and Sara Roche was to pay rent.

Uncontested Facts
Notwithstanding the fact that the parties offer differing versions of the events in this case, the following material facts are uncontested. Defendant, and more recently his wife, are title owners of 575 Beck Street. 575 Beck Street is a two-family house located in the Bronx. Plaintiff Rojas was involved in a romantic relationship with defendant's daughter, Sara Roche. Plaintiff and Sarah Roche had a child in common, plaintiff F.R.[FN3]
 Plaintiff F.R. is defendant's grandchild. Tragically, Sara Roche was murdered in 2017. 
Plaintiff Rojas and Sara Roche tendered numerous payments to the defendant by check. Many of those checks had the word "mortgage" printed in the memo section. Plaintiff Rojas secured tenants for a portion of 575 Beck Street and collected the rent from those tenants. Each month, plaintiff Rojas tendered a payment to defendant roughly equivalent to the amount that the tenants paid in rent. 
On or about August 6, 2021, plaintiffs commenced this action alleging a cause of action based on constructive trust. Defendant served an amended answer denying the allegations, asserting affirmative defenses, and alleging counterclaims of conversion or, in the alternative, unjust enrichment. 

 Analysis
Defendant's Motion for Summary Judgment Dismissing the Complaint (Motion #8)
Summary judgment is a drastic remedy that deprives a litigant of their day in court, and it should be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). 
To grant summary judgment, it must clearly appear that no material and triable issue of fact is presented. Issue finding, rather than issue determination, is the key to the procedure (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178 [1994]; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]). In making this determination, the court must view the evidence in the light most favorable to the party opposing the motion and must give that party the benefit of every favorable inference which can be drawn from the evidence (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]; William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh, 22 NY3d 470, 475 [2013]; Nash v Port Washington Union Free School Dist., 83 AD3d 136, 146 [2d Dept 2011]).
A claim for imposition of a constructive trust does not depend on proof that the transfer on which the claim is based was fraudulently induced. Instead, the elements of a claim for imposition of a [*4]constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment. (Matter of Newman, 2024 NY Slip Op. 03544 (1st Dept 2024); Sharp v. Kosmalski, 40 NY2d 119 [1976]). All that is generally required for imposition of this remedy is that a party hold property under such circumstances that in equity and good conscience the party ought not to retain it (Matter of Newman, supra; see Simonds v Simonds, 45 NY2d 233 [1978]). The wrong that a court seeks to remedy by imposing a constructive trust is the wrongful retention of the transferred property (Matter of Newman, supra).
Applying these legal principles here, defendant sets forth a prima facie showing in support of the motion for summary judgment. The two Quitclaim Deeds name only defendant and his wife as property owners. Defendant's sworn interrogatory states that defendant never orally promised to convey an interest in 575 Beck Street to plaintiff Rojas and Sara Roche. Further, defendant avers that he never offered to purchase a share of 575 Beck Street from plaintiffs. Defendant's sworn interrogatory also states that any payments tendered by plaintiff Rojas and Sara Roche to defendant were rent payments for their occupancy of 575 Beck Street rather than payments made to cover the mortgage on the 575 Beck Street in reliance on the promise. 
In addition, defendant's avers that the payments made by plaintiff Rojas after plaintiffs moved out of 575 Beck Street were rent payments from defendant's tenants — which plaintiff Rojas collected on defendant's behalf. Based on the moving papers, defendant therefore makes a prima facie showing of entitlement to summary judgment on plaintiffs' cause of action for constructive trust (see Alvarez, 68 NY2d at 325) and the burden thus shifts to plaintiffs to raise a triable issue of fact.
In opposition, plaintiffs' submissions generate triable questions of fact warranting denial of the motion. The evidence shows that plaintiff Rojas, Sara Roche, and defendant were in a confidential familial relationship, namely that plaintiff Rojas was in a romantic relationship with the defendant's daughter with whom plaintiffs had a child in common and that they all lived with defendant in the property. In addition, it is undisputed that Sara Roche was defendant's daughter and plaintiff F.R. is defendant's grandson, and hence all three are family. Furthermore, plaintiff Rojas obtained tenants and collected rents for the property in part on defendant's behalf. 
Moreover, the documentation supports the claim that defendant orally conveyed a 50% interest in 575 Beck Street to plaintiffs in exchange for assistance paying the mortgage. Plaintiffs' contribution towards the mortgage in reliance on defendant's promise is demonstrated by the "mortgage" designation on the relevant checks which have a value of over $100,000. Under this constellation of circumstances, plaintiffs' submissions generate an issue of fact as to whether defendant would be unjustly enriched if defendant and his wife retained a 100% interest in 575 Beck Street and denied plaintiffs any ownership interest in the property (see Berger v Berger, 81 AD3d 765, 765 [2d Dept 2011]).
To the extent that defendant argues that a constructive trust cannot be imposed because plaintiffs did not own an interest in the subject property prior to the alleged transfer in reliance, the contention lacks merit. A constructive trust may be imposed in cases where the plaintiff had no prior interest in the subject property but developed such an interest by contributing money or labor (Kohan v Nehmadi, 130 AD3d 429, 430 [1st Dept 2015]; see also Rock v Rock, 100 AD3d 614, 616 [2d Dept 2012]).
Furthermore, defendant's contention that there are no triable issues of fact as to whether plaintiffs developed an equitable interest in the subject property through the expenditure of money or labor is also without merit. Plaintiffs submitted evidence in the form of copies of checks made out to the defendant with "mortgage" written in the memo line, as proof that plaintiffs significantly contributed financially to the property. Plaintiffs also provide proof that plaintiff Rojas assisted in the maintenance of the property by acquiring and managing tenants. Thus, plaintiffs raise a triable issue of fact on this issue (see Kohan v Nehmadi, supra).
As for defendant's position that the relationship between plaintiffs and defendant could not, as a matter of law, constitute a confidential relationship, the position is unsupported by legal precedent. In terms of plaintiff Rojas, while defendant denies that plaintiff Rojas and defendant were in a familial relationship, or that they cohabitated, plaintiff Rojas submits evidence that plaintiff was in an intimate relationship with the defendant's daughter, and plaintiff Rojas is the father of defendant's grandchild. Plaintiff Rojas also submits evidence that plaintiff Rojas paid for the funeral of defendant's daughter, lived at the property, and collected rent payments on defendant's behalf. Defendant also admits that he "accepted" the plaintiff as part of his daughter's life. 
As for plaintiff F.R., it is admitted that he is defendant's grandchild and that they are therefore family. Certainly Sara Roche, through whom plaintiff F.R. allegedly takes an interest in the relevant property, was in a familial relationship with her defendant father. Thus, plaintiffs generate triable issues of fact as to whether plaintiffs and defendant were involved in a confidential or fiduciary relationship warranting the denial of defendant's motion for summary judgment.
Defendant's reliance on Matter of Almasy v Ward, 53 AD3d 946 (3d Dept 2008) for the proposition that the boyfriend of a child does not constitute a confidential or fiduciary relationship is misplaced. In Almasy, the court found that that such a relationship, does not, without additional facts, constitute a confidential relationship. However, in this case, there are, as outlined above, additional facts that could support a jury finding of a confidential relationship. In any event, it is undeniable that Sara Roche and plaintiff F.R. had a family relationship with defendant. The branch of defendant's motion seeking summary judgment dismissing plaintiffs' complaint is accordingly denied (Renk v Renk, 201 AD3d 535, 536 [1st Dept 2022]).
Defendant next moves for summary judgment on defendant's counterclaims for conversion and unjust enrichment based on the rents collected by plaintiff Rojas because, defendant argues, there are no triable issues of fact as to plaintiff Rojas' wrongful actions.
"A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]). The key elements of conversion are 1) the plaintiff's possessory right or interest in the property and 2) the defendant's dominion over the property or interference with it (id. at 50). "It is well settled that an action will lie for the conversion of money where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question" (Family Health Management, LLC v Rohan Developments, LLC, 207 AD3d 136, 139 [1st Dept 2022] quoting Manufacturers Hanover Trust Co. v Chemical Bank, 160 AD2d 113, 124 [1st Dept 1990] lv denied 77 NY2d 803 [1991]). 
In terms of unjust enrichment, "[a] plaintiff must show "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011] [internal quotation marks omitted]).
On the motion for summary judgment on the counterclaims, defendant broadly alleges that plaintiff Rojas wrongfully retained rent payments from defendant's tenants. In contrast, plaintiff Rojas avers that he collected rent from the defendant's tenants and paid defendant the same and, in the moving papers, defendant admits that plaintiff Rojas "merely" acted as a middleman and tendered the tenants' rent payments to the defendant. Further, plaintiffs also contend that plaintiffs' ownership interest in 575 [*5]Beck Street entitled plaintiff Rojas to collect rent from the tenants.[FN4]

As set forth above, based on the record, there are unresolved questions of fact surrounding defendant's and plaintiffs' alleged ownership rights in the property and right to collect the rents (see Imprimis Investors LLC v Insight Venture Management, Inc., 300 AD2d 109, 110 [1st Dept 2002]). Likewise, there are triable issues of fact as to whether it is against equity and good conscience to permit plaintiff Rojas to retain any portion of the rents collected (P360 Spaces LLC v Orlando, 160 AD3d 561, 652 [1st Dept 2018]). The branch of defendant's motion that seeks summary judgment on the counterclaims for conversion an unjust enrichment is therefore denied.
Plaintiffs' Motion for Leave to Amend (Motion #13)
Plaintiffs move for leave to amend the complaint to: 1) clearly state that the relief sought in this action is a 50% interest in the property; 2) state that plaintiffs provided defendant with the funds to pay the refinanced mortgage; 3) state that plaintiffs continued to provide defendant with funds to pay the mortgage on the property after plaintiffs vacated the premises; 4) add Lety Roche as a defendant; and 5) substitute the adult name of Fabian Rojas in place of plaintiff infant F.R.
A party may amend their pleadings at any time with leave of court (CPLR 3025). "Leave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting directly from the delay" (Fahey v Ontario County, 44 NY2d 934, 395 [1978]). "There must be some indication that defendant has been hindered in the preparation of its case or has been prevented from taking some measure to support its position, and the burden of demonstrating prejudice is on the party opposing amendment" (Owens v STD Trucking Corp., 220 AD3d 542, 543 [1st Dept 2023]). Leave to amend should be denied where the proposed amendments are palpably insufficient or clearly devoid of merit (Kaufman v Boies Schiller Flexner, 224 AD3d 500, 501 [1st Dept 2024]). Where there has been an extended delay in moving to amend, the movant must establish a reasonable excuse for the delay (Matter of Schulte, 220 AD3d 586, 586 [1st Dept 2023]). 
Contrary to defendant's assertion, plaintiffs' proposed amendments are neither palpably insufficient nor clearly devoid of merit (see Panetta v Kelly, 17 AD3d 163, 165 [1st Dept 2005]). Plaintiffs' proposed amendments eliminate ambiguities in the original pleadings and the claims of a constructive trust. The proposed amendments clarify that plaintiffs provided defendant with the funds to pay the mortgage on 575 Beck Street, addresses plaintiffs' prayer for relief, and clarifies that plaintiffs seek to recover a 50% interest in the subject premises. Plaintiffs correctly contend that the original complaint was ambiguous and could be interpreted as demanding money damages.
The amended complaint also adds necessary parties. Lety Roche as named as a defendant who allegedly has an ownership interest in 575 Beck Street, and thus, is a necessary party to this litigation. As plaintiff's son infant F.R. is now an adult, the amended complaint substitutes the name of Fabian Rojas in the caption and removes the "infant F.R." name. None of these proposed amendments are palpably without merit.
Nor does defendant's contention that plaintiffs' motion for leave to amend should be denied as untimely have merit. Plaintiffs provide reasonable excuses for any delay in seeking leave to amend. According to plaintiffs, the proposed amendments correct ambiguities in the pleadings that were pointed out by defense counsel during motion practice. The imprecise language in the original pleadings was not [*6]apparent to the individual who drafted the complaint. Moreover, plaintiff F.R. attained the age of majority after the commencement of this action and plaintiffs were unaware of Lety Roche's ownership interest in 575 Beck Street at the time the complaint was drafted. 
In any event, defendant fails to demonstrate how permitting plaintiffs to amend the complaint would prejudice the defense. Indeed, the proposed amendments do not materially alter the factual allegations in the complaint. Plaintiffs' motion for leave to amend the complaint is therefore granted (Owens, 220 AD3d at 543).
The Court has considered all the contentions of the parties and, to the extent that any relief requested was not addressed herein, it is hereby denied.
Accordingly, it is hereby
ORDERED that the branch of defendant ENOE ROCHE's motion (Motion #8) that seeks an order, pursuant to CPLR 3212, granting summary judgment dismissing the complaint of plaintiff FREDDY ROJAS and FREDDY ROJAS as FATHER and NATURAL GUARDIAN OF THE INFANT F.R. and directing the Clerk to cancel the notice of pendency is DENIED; and it is further
ORDERED that the branch of defendant's motion (Motion #8) that seeks an order, pursuant to CPLR 3212, awarding defendant summary judgment on the first and second counterclaims and entering a money judgment against plaintiffs in the amount of $80,850. plus attorney's fees and cost is DENIED; and it is further
ORDERED that plaintiffs' motion (Motion # 13), made pursuant to CPLR 3025(b), seeking leave to amend the complaint and caption is GRANTED; and it is further
ORDERED that the appearing parties to this action are deemed served with the amended complaint (in the form of the proposed amended complaint uploaded as NYSCEF No. 190) as of the date of the upload of this decision to NYSCEF and shall serve an answer to said pleading within the time directives set forth in the CPLR; and it is further
ORDERED that plaintiffs shall serve the newly added defendant by November 1, 2024, and said new defendant shall file an answer thereto within the time constraints set forth in the CPLR; and it is further
ORDERED that the Clerk shall amend the caption to henceforth read as:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
FREDDY ROJAS and FABIAN ROJAS,                                            Plaintiffs,                 Index No. 811143/2021e
           -against-
ENOE ROCHE and LETY ROCHE,                                             Defendants.
-----------------------------------------------------------------------X
;and it is further
ORDERED that the Clerk shall mark Motions #8 and #13 as decided in all court records; and it is further
ORDERED that this order serves to supersede any previous court orders to the [*7]extent that in this action, as set forth in the Rules of Part 20, the pendency of motions pursuant to CPLR 3211, 3212 and 3213 will not stay discovery, any motion for summary judgment in this case shall be made by the parties herein no later than 60 days after the filing of the Note of Issue, and a motion for summary judgment must include a statement of material facts and counterstatement of material facts; and it is further
ORDERED, that plaintiff shall on or before August 30, 2024, file to NYSCEF a completed form EF 23 to facilitate the amendment of the caption in NYSCEF.[FN5]

This constitutes the Decision and Order of the court. 
Dated: August 6, 2024
Bronx, New York
Hon. Veronica G. Hummel, A.S.C.J.s

Footnotes

Footnote 1: In the final paragraph of plaintiff Rojas' affidavit in opposition to defendant's motion for summary judgment, the plaintiff asks this Court to award plaintiffs summary judgment. Plaintiffs failed to file a properly noticed cross-motion and the Court declines to consider plaintiffs' prayer for such relief.

Footnote 2: Plaintiffs contend that plaintiff F.R. inherited a share of 575 Beck Street from Sara Roche. Plaintiffs do not specify whether this inheritance was passed by operation of law or by devise. Notably, plaintiffs do not annex a copy of a testamentary documents relating to the estate of Sara Roche, although defendant admits plaintiff's son, plaintiff F.R., is his grandson.

Footnote 3: As discussed in greater detail below, the infant plaintiff has attained the age of majority, and plaintiff seeks leave amend the caption to reflect this fact.

Footnote 4: Defendant also baldly asserts in defendant's affidavit that plaintiff collected an unspecified amount of rent from the tenants in connection with an unidentified parking spot in the Bronx. Defendant does not state the basis for this conclusion which appears to be speculation.

Footnote 5: NYSCEF Form EF 23 can be found at the following link: 
https://iappscontent.courts.state.ny.us/NYSCEF/live/forms.htm